Filed 8/31/15  P. v. Brewer CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076848 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01050) |
| v. | |
| JERMAINE NATHANUEL BREWER, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was charged by amended consolidated complaint[1] with second degree commercial burglary (Pen. Code, § 459 -- count one),[2] seven counts of second degree

---

[1]  The trial court granted the prosecution's order to consolidate case No. 13F01050 with case Nos. 13F01293 and 13F00701.

1

robbery (§ 211 -- counts two through seven and count nine), and possession of stolen property (§ 496, subd. (a) -- count eight). The amended complaint alleged defendant personally used a firearm (§ 12022.53, subd. (b)) in the commission of counts three, four, five, and six, and suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).

Following a hearing, the trial court denied defendant's *Marsden*[3] motion.

Defendant entered a negotiated plea of no contest to one count of second degree robbery (count five) and admitted the firearm enhancement and the prior strike in exchange for a stipulated sentence of 20 years in state prison and dismissal with a *Harvey*[4] waiver of all remaining charges. The factual basis for the plea is as follows:

On February 2, 2013, defendant took personal property from Marcus Robles by means of force and fear, using a handgun in the commission of that offense. Defendant was previously convicted on June 15, 2011, of first degree burglary (§ 459), a serious felony within the meaning of section 1192.7, subdivision (c), which crime constitutes a strike within the meaning of sections 667, subdivisions (b) through (i), and 1170.12.

The trial court denied probation and sentenced defendant to the upper term of five years for the robbery, doubled pursuant to the prior strike, plus a consecutive 10-year term for the firearm enhancement, for an aggregate term of 20 years in state prison as stipulated. The court imposed "[o]nly mandatory minimum fines and fees" and "all the terms contained on pages 13 and 14 of the probation report with a modification to reducing the fines to mandatory minimum," noting that "[n]onmandatory fees and fines will be stricken." Pages 13 and 14 of the probation report include: a $280 restitution fine

---

[2] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

[4] *People v. Harvey* (1979) 25 Cal.3d 754.

2

(§ 1202.4); a $280 parole revocation fine (§ 1202.45) stayed pending successful completion of parole; restitution to be paid to some of the victims (i.e., Game Trader - $2,300; Round Table - $1,306.30; Game Stop (Folsom Blvd.) -- $2,030.60); reservation of the amount of restitution to another victim (i.e., Game Stop (Calvine Road)) to be determined at a later date; and a $10 crime prevention fine (§ 1202.5).  The court did not orally impose court operations assessment (§ 1465.8, subd. (a)(1)) and a criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)), both of which are mandatory, or mention page 15 of the probation report where these assessments were referenced.  However, both assessments are reflected in the abstract of judgment.  The court awarded defendant 510 days of presentence custody credit (444 days of actual credit plus 66 days of conduct credit).

Defendant filed a timely notice of appeal.  The court denied his request for a certificate of probable cause.  (§ 1237.5.)  Thereafter, defendant filed a subsequent notice of appeal and request for a certificate of probable cause.  Again, the court denied his request for a certificate of probable cause.

## *WENDE* REVIEW

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

**DISPOSITION**

The judgment is affirmed.

      MURRAY      , J.

We concur:

      BLEASE      , Acting P. J.

      ROBIE      , J.

4